UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC PAZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Isaac Paz, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Isaac Paz ("Plaintiff") is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Chase Bank USA, N.A. consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Portfolio Recovery Associates, LLC, ("PRA" or "Defendant"), is a Delaware limited liability company that acts as a debt collector, as defined by §

1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. PRA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. PRA is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State). In fact, PRA conducts business in Illinois.

7. Moreover, PRA is licensed as a collection agency in Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

8. In fact, PRA acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred a debt for goods and services used for personal purposes, originally for a Chase Bank USA, N.A. consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

10. Due to his financial circumstances and illness, Plaintiff could not pay the alleged debt, and it went into default.

11. PRA purportedly purchased the alleged debt sometime thereafter.

12. Plaintiff thereafter sought legal assistance for harassment problems he was having with debt collectors, including PRA.

13. Plaintiff, upon reviewing his credit report, noticed a tradeline for PRA and did not believe it was accurate.

14. On April 10, 2014, Plaintiff's attorney sent a letter to PRA indicating that Plaintiff disputed the alleged debt. (Exhibit C, Dispute Letter).

15. PRA received Plaintiff's letter via fax on April 10, 2014.

16. In June, 2014, PRA communicated credit information to the Experian consumer reporting agency in connection with the collection of the alleged debt. (Exhibit D, Excerpt from Experian Credit Report Showing Defendants Tradeline As Reported in June, 2014).

17. PRA communicated, *inter alia*, a Status, a Payment History, debt amount, and a comment that the account was a "Collection account."

18. PRA failed to communicate to Experian that Plaintiff's alleged debt was disputed, however, when it communicated information relating to the alleged debt to Experian in June, 2014.

19. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

20. In or before June, 2014, PRA knew that Plaintiff had disputed the alleged debt because Plaintiff's counsel had notified PRA of said dispute by letter received by PRA on April 10, 2014.

21. Even though PRA knew or should have known, prior to June, 2014, that Plaintiff disputed owing the alleged debt, PRA failed to thereafter communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when PRA communicated other credit information regarding the alleged debt to Experian, in violation of 15 U.S.C. § 1692e(8).

22. On June 15, 2014, Plaintiff filed a lawsuit against Defendant in the United States District Court for the Northern District of Illinois, alleging violations of the FDCPA, titled *Isaac Paz v. Portfolio Recovery Associates, LLC*, Case No. 14-cv-4449.

23. On July 25, 2014, the alleged debt was eliminated pursuant to agreement with Defendant.

24. After July 25, 2014, Plaintiff owed no money to Defendant in connection with the alleged debt.

25. Despite this fact, Defendant continued to attempt to collect the alleged debt by repeatedly mailing letters to Plaintiff's counsel, threatening to report the alleged debt to the credit reporting agencies as unpaid, and otherwise attempting to collect the alleged debt via credit reporting.

26. On or around November 7, 2014, Defendant mailed a letter to Plaintiff's counsel threatening that "if you do not pay the debt, we may report it to the credit reporting agencies." (Exhibit E, Letter).

27. At the time that Defendant sent its letter dated November 7, 2014 threatening to "report" the alleged debt to the credit reporting agencies, it was *already* reporting the alleged debt to Experian, TransUnion and Equifax as being unpaid.

28. Defendant reported the "debt" to the credit reporting agencies for the purpose of coercing Plaintiff into paying it. Reporting a debt to a credit bureau is "a powerful tool designed, in part, to wrench compliance with payment terms. . . ." *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R. 1993).

29. After July 25, 2014, Plaintiff repeatedly disputed that he owed the alleged debt with the Equifax, Experian and TransUnion credit reporting agencies.

30. Upon information and belief, based on statements from Equifax, Experian, and TransUnion, the credit reporting agencies contacted Defendant in the course of investigating the dispute on each occasion that Plaintiff disputed the alleged debt with each of said agencies.

31. In response to each of Plaintiff's disputes, Defendant verified that the alleged debt was unpaid and thus still owed by Plaintiff, even though Plaintiff owed no money to Defendant.

32. Most recently, Plaintiff disputed the alleged debt to each of the Experian, Equifax, and TransUnion credit reporting agencies on or around October 29, 2014, via the online dispute option available through each agency.

33. Specifically, Plaintiff disputed that he owed the alleged debt in each dispute he made to the credit reporting agencies on or around October 29, 2014.

34. In response to the dispute made by Plaintiff, Defendant verified to Equifax that the debt was unpaid, and Equifax so reported to Plaintiff by correspondence dated November 13, 2014.

35. In response to the dispute made by Plaintiff, Defendant verified to Experian that the debt was unpaid, and Experian so reported to Plaintiff by correspondence dated November 14, 2014.

36. In response to the dispute made by Plaintiff, Defendant verified to TransUnion that the debt was unpaid, and TransUnion so reported to Plaintiff by correspondence dated November 19, 2014.

37. To the date of the filing of this lawsuit, a tradeline for the alleged debt remains on each of Plaintiff's (Experian, Equifax, and TransUnion) credit reports, indicating that the alleged debt is being unpaid.

38. In response to Plaintiff's disputes, on or around November 14, 2014, Defendant mailed a letter to Plaintiff's counsel stating in part that it will not be conducting another investigation of Plaintiff's dispute, that he owes a balance of $694.51, and that Defendant "considers this matter closed". (Exhibit F, Letter).

39. To the date of the filing of this Complaint, Defendant continues to communicate to the Equifax, Experian, and TransUnion credit reporting agencies that the alleged debt is unpaid, and thus still owed by Plaintiff.

40. Plaintiff has suffered actual damages due to PRA's actions, including but not limited to substantial emotional distress. He has also spent substantial time and money attempting to correct the problem caused by Defendant.

41. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff re-alleges paragraphs 1-41 as if set forth fully in this count.

43. 15 U.S.C. § 1692e provides:

## § 1692e. False or misleading representations

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…**
**(2) The false representation of--**
**(A) the character, amount, or legal status of any debt; or**
**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt…**
**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**
**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed…**
**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…**

44. 15 U.S.C. § 1692f provides:

## § 1692f. Unfair practices

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

45. PRA violated of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1) by:

a. Reporting a debt as being unpaid when in was no longer owed;

b. Verifying the alleged debt to the credit reporting agencies in response to Plaintiff's disputes.

46. PRA violated 15 U.S.C. § 1692e(5) by threatening to report the alleged debt when reporting could not legally be taken, as PRA had agreed to request deletion of the tradeline in July, 2014.

47. PRA violated 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692f by stating in its letter that it "considered the matter closed", indicating that he still owed PRA money, when in fact Plaintiff's dispute was meritorious, and he owed no money to PRA.

48. Plaintiff was damaged as a result of PRA's conduct.

WHEREFORE, Plaintiff, Isaac Paz, asks that the Court enter judgment in his favor and against Defendant as follows:

    A.    Statutory damages;

    B.    Actual damages;

    C.    Costs and reasonable attorney fees; and

    D.    Such other or further relief as the Court deems proper.

## COUNT II – FAIR CREDIT REPORTING ACT

49. Plaintiff re-alleges paragraphs 1-48 as if set forth fully in this count.

50. PRA violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to reasonably investigate when the credit reporting agencies contacted it in response to Plaintiff's disputes and in providing false information as a result.

Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

    **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**

      **(A) conduct an investigation with respect to the disputed information;**

      **(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**

      **(C) report the results of the investigation to the consumer reporting agency; and**

      **(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**

      **(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

    51.    Defendant committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

    52.    Section 1681n provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general**
**Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—**
    **(1)**
    **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or**

    **(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;**

    **(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court…**

53. Section 1681o provides:

**§ 1681o. Civil liability for negligent noncompliance**

**(a) In general.
Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of**
**(1) any actual damages sustained by the consumer as a result of the failure; and**
**(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney' s fees as determined by the court.**
**(b) Attorney's fees.**
**On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney' s fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.**

54. Section 1681p provides:

**§1681p. Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USCS §§ 1681et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of–**

   **(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or**

   **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

55. Plaintiff suffered actual damages as a result of Defendant's conduct, as detailed above.

WHEREFORE, Plaintiff, Isaac Paz, asks that the Court enter judgment in his favor and against Defendant as follows:

   A.   Statutory damages;

   B.   Actual damages;

   C.   Punitive damages;

   D.   Costs and reasonable attorney fees;

   E.   Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

| | |
|---|---|
| The Law Office of M. Kris Kasalo, Ltd.<br>20 North Clark Street, Suite 3100<br>Chicago, Illinois 60602<br>tel 312.726.6160<br>fax 312.698.5054<br>mario.kasalo@kasalolaw.com | By: /s/ M. Kris Kasalo<br>     M. Kris Kasalo |

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.