# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ISAAC PAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 14 CV 9751 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On April 14, 2016, the Court issued a Memorandum Opinion and Order [99], granting summary judgment to defendant as to a portion of Count I of the Complaint which was brought pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692e and 1692f. In that same order, the Court also held that there was a triable issue as to whether defendant was entitled to the bona fide error defense set forth in 15 U.S.C. § 1692k(c) and denied both parties' motions for summary judgment on that issue. Plaintiff seeks reconsideration of those two decisions pursuant to Fed. R. Civ. P. 59(e) or 60(b). In his motion to reconsider and for clarification [104], plaintiff argues that (1) the Court made manifest errors of fact and law when it ruled that plaintiff's counsel would not be deceived by the November 7 and November 14 letters which indicated plaintiff still owed a debt that may be reported to the credit reporting agencies as unpaid; and (2) the Court erred as a matter of law when it denied plaintiff's motion for summary judgment as to defendant's bona fide error defense.

"To establish relief under Rule 59(e), a 'movant must demonstrate a manifest error of law or fact or present newly discovered evidence.'" *Vesley v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (quoting *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011)). "A 'manifest

error' occurs when the . . . court commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). "Courts grant relief under Rule 60(b) only in exceptional circumstances." *Trade Well Int'l v. United Cent. Bank*, No. 15-3352, 2016 WL 3361682, at *4 (7th Cir. 2016). Setting aside a judgment under Rule 60(b) "must be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). The rule exists to "allow modification in light of factual information that comes to light only after the judgment, and could not have been learned earlier." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002).

## Count I – Partial Summary Judgment in Favor of Defendant

Plaintiff states that the Court misidentified the issue when it held that Defendant's letters from November 7 and November 14 did not violate the FDCPA.[1] Plaintiff argues that the question is not whether his attorney was misled by defendant's letters stating the debt was owed, but rather would a competent attorney be misled by the letters as to whether defendant planned to report the debt to the credit reporting agencies as unpaid. Plaintiff asks the Court to vacate its ruling and find that defendant violated §§ 1692e and 1692f as a matter of law by sending the letters. Defendant responds by arguing that plaintiff's reliance on certain cases is misplaced.

In its ruling, the Court relied on *Bravo v. Midland Credit Mgmt., Inc.,* 812 F.3d 599 (7th Cir. 2016), and held that "counsel knew when he received the letter that plaintiff did not owe defendant a debt and that defendant had no basis for telling the credit reporting agencies otherwise." *Paz v. Portfolio Recovery Assocs., LLC,* 14 C 9751, 2016 WL 1463401, at *3 (N.D.

---

[1] The letters refer to correspondence sent on November 7 and 14, 2014 by defendant to plaintiff's attorney in response to plaintiff's dispute to the credit agencies about his debt. In part the letters read, "Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may report it to the credit reporting agencies as unpaid." (Pl.'s Ex. F1 at 216.) [66-1].

2

Ill. Apr. 14, 2016). The Court fails to see how such a statement does not address the issue of whether a competent attorney would be misled by the letters and whether defendant planned to report the debt to the credit reporting agencies as unpaid. Plainly, the Court held that a competent attorney would not be so misled.

Plaintiff relies on two cases which do not persuade the Court that it has made a manifest error of law as required by Fed. R. Civ. P. 59(e) or that this is an exceptional circumstance that falls under Fed. R. Civ. P. 60(b). The first case, *Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012), deals with a factually different scenario. In *Lox,* the court applied the "unsophisticated consumer" standard because the debt collection agency communicated directly with the plaintiff, not an attorney. 689 F.3d at 820, 822. The present case is distinguishable. Here, the debt collection agency communicated with plaintiff's attorney and therefore the Court applied the "competent attorney" standard. *Bravo*, 812 F.3d at 603.

The second case on which plaintiff relies, *Captain v. ARS Nat'l Servs., Inc.,* 636 F. Supp. 2d 791 (S.D. Ind. 2009), is not binding on this Court and is also factually distinguishable from the case at bar. In *Captain*, though the debt collection agency's letter threatening collection and continued interest on a debt that had been settled was forwarded to plaintiff's attorney, plaintiff's counsel took the additional step of calling the debt collection agency personally to ask about the letter. 636 F. Supp. 2d at 793. During that call, a debt collection agency employee confirmed plaintiff's account balance was outstanding and that a $15 daily charge would be levied if the balance was not paid within two weeks. *Id*. The court in *Captain* held the statement made by the debt collection agency's employee that a $15 daily charge would be added to the account, not the initial letter, "would, at the very least, mislead a competent lawyer[.]" *Id*. at 797. Here, plaintiff's counsel made no such follow-up phone call and was not told affirmatively by the debt

3

collection agency that the debt would be reported to the credit reporting agencies as unpaid. Accordingly, the Court finds that *Captain* is both not binding and not persuasive.

**Count I – Denial of Summary Judgment for Plaintiff**

Next, plaintiff argues that when the Court held the record established that defendant should have known the reports it gave the credit agencies after the settlement of *Paz I* were false, it found as a matter of law that defendant violated 15 U.S.C. § 1692e(8) and judgment should have been entered establishing the violation. Plaintiff asks the Court to clarify that its ruling indicated that the only triable issue is whether the bona fide error defense applies. Plaintiff also states that the Court acknowledged that the record does not contain evidence of procedures used by defendant to prevent violations of the FDCPA. Plaintiff argues that such an acknowledgment, without other evidence supporting the third prong of the bona fide error defense, does not create a triable issue of defendant's affirmative defense and summary judgment should be entered for the plaintiff on this issue. Defendant responds by arguing that there cannot be a violation as a matter of law when a question of fact as to the bona fide error defense exists, and that plaintiff offers no evidence of manifest error providing a basis for the Court to reconsider its prior ruling that a triable issue exists as to the bona fide error defense.

In its April order, the Court stated, "In short, the record establishes that defendant should have known that the reports it gave the credit agencies after the settlement of *Paz I* were false." *Paz,* 2016 WL 1463401, at \*4. This is a plain statement that defendant violated 15 U.S.C. § 1692e(8), and there is no suggestion that it remains an issue to be decided at trial. Because defendant argued that it was entitled to the bona fide error defense set forth in 15 U.S.C. § 1692k(c), the Court continued its analysis to determine whether the defendant was "shielded from liability" due to a bona fide error. *Ruth v. Triumph P'ships*, 577 F.3d 790, 794 (7th Cir.

4

2009). When the Court concluded that there was sufficient evidence to raise a triable issue on the third element of the bona error defense, it appropriately denied both parties' motions for summary judgment. It would be nonsensical to grant summary judgment in favor of plaintiff as to liability of § 1692e(8) when the issue of whether the liability shield applies has yet to be determined.[2]

Finally, the Court turns to plaintiff's argument that it erred as a matter of law when it denied plaintiff summary judgment but acknowledged that the record contains no evidence of the third element of the bona fide error defense which requires the debt collector to maintain "procedures reasonably adapted to avoid" a violation of the FDCPA. *Ruth*, 577 F.3d at 803. Plaintiff again appears to be misconstruing the Court's April order. Therein, the Court noted that when the defendant "agrees to waive an account balance, it relies on its General Counsel's Office to close the account." *Paz*, 2016 WL 1463401, at *4. Plaintiff seems to argue that because the Court acknowledged that the record contains no evidence of the General Counsel's procedures, that the Court also acknowledged that defendant had no procedures to ensure an account is closed. The Court reiterates that defendant has alleged there are procedures in place to ensure an account is closed when a settlement is reached. (Def.'s LR 56.1(b)(3)(B) Stmt. ¶ 65; Def.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 23-27.) Accordingly, the Court denied both parties' motions for summary judgment and held, when viewing the record favorably to the defendant, the "evidence does not establish that defendants' procedures are reasonably adapted to avoid the error that occurred here, but it is sufficient to raise a triable issue of fact[.]" *Paz*, 2016 WL 1463401, at *4 (internal quotation omitted).

---

[2] Plaintiff directs the Court to *Melnarowicz v. Pierce & Assocs.*, *P.C.,* No. 14 C 07814, 2015 WL 4910748, at *5 (N.D. Ill. Aug. 17, 2015) and argues that the Court's April 2016 order should be clarified to reflect that plaintiff's motion for summary judgment was granted as to liability as it was in that case. In *Melnarowicz*, the court understood that defendant's bona fide error defense would not be part of the summary judgment motions, which was not the case here. *Id*. at *1.

5

For the aforementioned reasons, Plaintiff's motion for reconsideration and clarification pursuant to Fed. R. Civ. P. 59(e) or alternatively 60(b) is denied.


**SO ORDERED.**  Dated: June 30, 2016

_____
**JORGE L. ALONSO
UNITED STATES DISTRICT JUDGE**