IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISAAC PAZ<br>    Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br>    Defendant. | Case No.  14-CV-9751<br><br>Judge  Jorge L. Alonso |

## ORDER

Plaintiff Isaac Paz's objections [232] to the Report and Recommendation of the Magistrate Judge [231] are overruled and the Report and Recommendation is adopted.

## STATEMENT

This Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act case is an outgrowth of a previous FDCPA case between the same parties that resulted in a settlement following Plaintiff's acceptance of Defendant's Rule 68 offer of judgment shortly after the lawsuit's filing ("*Paz* I"). [Dkt 1.] The procedural and factual history is thoroughly laid out in the Magistrate Judge's Report as well as the parties' submissions, and is thus not repeated here. Suffice it to say that this case could have ended but did not end with any one of Defendant's three successive Rule 68 offers of judgment (first for $1500, then $2500, and finally, $3501). Each offer in this case followed the form of the one accepted in *Paz I*. Namely, that judgment would be entered against Defendant in the respective amounts mentioned above "as to Plaintiff arising from Plaintiff's claims against Defendant as alleged in Plaintiff's complaint." [Dkt 212-4, 5, 6.] In addition, each offer declared, "Judgment shall also be entered against Defendant for reasonable attorneys' fees and costs through the date of Plaintiff's acceptance of this Offer, in an amount agreed upon between the parties, and if no agreement can be made, to be determined by the Court." [*Id.*] Finally, each offer provided, "This offer of judgment is made solely for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure and is not to be construed as an admission that Defendant is liable in this action, that Plaintiff has suffered any damage, or for any other reason." [*Id.*]

Plaintiff did not accept any of the offers, and the case proceeded through discovery, summary judgment for Defendant in large measure on Plaintiff's claims, and a two-day trial. The jury found for Plaintiff on his remaining two claims, but found no actual damages, instead awarding only the maximum $1,000 in statutory damages for each claim. Thereafter, Plaintiff moved for $187,410 in fees, and $2,743.63 in costs. [Dkt 207.] Defendant moved for costs accrued following the last offer of judgment, $3,064.18. [Dkt 192.]

The competing motions were referred to the Magistrate Judge for a Report and Recommendation pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. [Dkt 216.] The Magistrate Judge issued a lengthy report in which she recommends granting Plaintiff's motion with modified relief, awarding him $10,875 in attorneys' fees and $436.34 in costs, and granting Defendant's motion, awarding it $3,064.18 in costs from Plaintiff. [Dkt 231.] Before the Court are Plaintiff's objections to the Report [dkt 232], and Defendant's response [dkt 240].

When a party raises specific objections to a portion of a Magistrate Judge's report and recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

At the threshold, it is noted that Plaintiff's submission says very little about how the Magistrate Judge erred, but rather repeats at length the arguments he has already made. In sum, he argues that: (1) his decision to reject the Rule 68 offer was reasonable because its disclaimer language would have prevented a judgment on the merits, thereby risking a finding that he was not the prevailing party and could not recover fees or costs; (2) it was error for the Magistrate Judge to consider the last offer ("the Offer") as an element in evaluating whether requested fees and costs were reasonable; (3) it was error for the Magistrate Judge not to award any attorneys' fees for trial; and (4) and obtaining judgment on the merits and statutory damages at trial along with the statutory right to attorneys' fees and costs is a better result than if Plaintiff had accepted the Offer which capped fees and costs at the time of acceptance.

While the court has applied a *de novo* standard of review in considering Plaintiff's objections, it finds that none are well taken and agrees with the Magistrate Judge's conclusions. The Magistrate Judge thoroughly and accurately discussed the areas of law raised by the motions, the fee shifting provisions of the FDCPA, Rule 54 and Rule 68, and provided a comprehensive analysis of their interplay and application here. Her discussion will not be repeated, but rather is adopted. "Being persuaded by the magistrate judge's reasoning, even after reviewing the case independently, is perfectly consistent with *de novo* review." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2016).

Further, the Court rejects Plaintiff's argument that had he accepted the Offer he would have risked losing an award of attorneys' fees and costs and his prevailing party status. The Offer specifically provided for judgment against Defendant, more than the maximum available statutory fees, and an award of reasonable attorneys' fees and costs. Plaintiff's argument notwithstanding, neither *Fisher v. Kelly*, 105 F.3d 350 (7th Cir. 1997), nor *Pigeaud v. McLaren*, 699 F. 2d 401 (7th Cir. 1983), suggest otherwise. Both of those cases involved *de minimis* settlements. Here, although the amount offered was small, the available statutory damages for Plaintiff's claims are small, and the offer was for more. As Plaintiff acknowledges, he is entitled to an award of reasonable attorneys' fees and costs under the FDCPA if his suit is characterized as a successful action to enforce the liability. 15.U.S.C. § 1692k(a)(3); *accord Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997). Obtaining a judgment against Defendant and damages in excess of the statutory fees would readily fit this bill. *See also Fletcher v. City of Fort Wayne, Indiana*, 162 F.3d 975, 976 (7th Cir. 1998) (noting while court

has discretion to withhold fees where civil rights plaintiff recovers only nominal damages, plaintiff who achieves complete recovery on a small claim is entitled to a fee award). Moreover, Plaintiff correctly notes that offers of judgment are construed as contracts [*see* dkt 232 at 17-18], and as the Magistrate Judge correctly observed, "[N]o court would ignore the Offer's clear statement that fees were to be awarded, despite the parties' inability to settle on an exact amount." [Dkt 231 at 10 (*citing Robinson v. Harvey, Illinois*, 617 F.3d 915, 917 (7th Cir. 2010)).]

Similarly, while Plaintiff certainly did not have to accept Defendant's Offer, consideration of what it provided as compared to what Plaintiff ultimately obtained at trial is appropriate. *See* Fed. R. Civ. P. 68; *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Moriarty v. SVEC*, 233 F.3d 955, 967 (7th Cir. 2000) ("Substantial settlement offers should be considered by the district court as a factor in determining an award of reasonable fees, even where Rule 68 does not apply."). As the Seventh Circuit explained, "Attorney's fees accumulated after a party rejects a substantial offer provide minimal benefit to the prevailing party, and thus a reasonable attorney's fee may be less than the lodestar calculation." *Moriarty*, 233 F.3d at 968 (finding an offer "substantial" if it amounts to "roughly equal" or more than the damages recovered, and instructing consideration of awarding a percentage or no attorneys' fees after rejection of substantial offer). Further, under Plaintiff's analysis, a rejected Rule 68 Offer has no effect in an FDCPA case, and he provides no authority for such an extreme result. As the Seventh Circuit has explained, "[P]laintiffs are at their peril whether they accept or reject a Rule 68 offer," *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998). Plaintiff was free to reject the Offer as he did, but he provides no authority to suggest that by doing so he escapes consideration of whether continued litigation was reasonable and the relative degree of success he ultimately obtained.

Likewise, the Court rejects Plaintiff's argument that the result he obtained at trial was more beneficial than that offered by the Offer. The trial result yielded less in damages than that provided in the Offer, and established no rule of law or public purpose that would not otherwise have been obtained. Plaintiff's argument notwithstanding, a judgment entered after a Rule 68 offer is nevertheless a judgment, and Plaintiff would be entitled to the same enforcement mechanisms as are available to him following a trial.

Plaintiff bears the burden of proving the reasonableness of his requested attorneys' fees. *See Hensley*, 461 U.S. at 437. A critical factor in determining the reasonableness of the requested fees is the degree of success obtained. *Id.* at 434-35. Because Plaintiff did not demonstrate the legal fees he incurred to try the case were reasonable, and for all of the reasons set forth in the Report and Recommendation, fees for that portion of the litigation are not awarded. The FDCPA does not mandate a successful plaintiff be awarded *all* attorneys' fees and costs, but rather, it mandates the award of *reasonable* attorneys' fees and costs. *See* 15 U.S.C. 1692k(a)(3).

Finally, for all of the reasons discussed at length in the Magistrate Judge's Report, although Plaintiff prevailed on his claims and obtained statutory damages, he did not achieve a high degree of success at trial when all appropriate factors including but not limited to the sought-after relief and the rejected Offer are considered. While Plaintiff correctly notes he obtained the maximum statutory damages, he overlooks the jury's rejection of his request for

$25,000 in actual damages and its decision to award none. Plaintiff cites *Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995) in arguing he has achieved a high degree of success, but that case had nothing to do with whether a plaintiff who prevails on less than all of his claims or recovers a fraction of what he seeks in damages has nonetheless achieved a high degree of success. Instead, the issue before the Court in *Tolentino* was whether plaintiff's attorneys in that FDCPA case should be awarded the same hourly rate as they command for other types of cases. 46 F.3d at 652-53.

Plaintiff's reliance on *Avila v. Van Ru Credit Corp.*, No. 94 C 3234, 1995 WL 683775 (N.D. Ill. Nov. 16, 1995) and *Cortez v. Trans Union Corp.*, No. 94 C 7705, 1997 WL 7568 (N.D. Ill. Jan. 3, 1997) fares no better, and neither supports any other take on the facts here. Indeed, neither considers the import of a rejected Rule 68 offer at all. If anything, both decisions simply lend further support to the Magistrate Judge's appropriate determination that Plaintiff's purported fear that acceptance of Defendant's offer risked his status as a prevailing party was not well-founded, since both acknowledge some award under FDCPA to a plaintiff who prevails on her claim. *See Avila*, 1995 WL 683775 (awarding reasonable attorneys' fees following summary judgment against defendant on liability and a stipulation to maximum statutory damages); *Cortez*, 1997 WL 7568 (awarding half of requested attorneys' fees for Plaintiff's "moderately successful results" following summary judgment for defendant on two claims and for plaintiff and plaintiff class on one).

Finally, this Court also agrees with the Magistrate Judge's application of Rules 54(d) and 68 to the parties' respective claims for costs. Plaintiff's argument to the contrary rests on the false premise that he obtained better results at trial than he would have had he accepted the Offer, and the untenable position that rejection of the Offer carries no weight in this FDCPA case.

Accordingly, Paz's objections are overruled, and the court adopts the Magistrate Judge's Report and Recommendation granting Plaintiff's Motion for Attorneys' Fees and Costs [207] with modified relief, awarding $10,875.00 in attorneys' fees and $436.34 in costs from Defendant, and granting Defendant's Motion for Costs [192], awarding $3,064.18 in costs from Plaintiff.

Date: 9/29/2017

Jorge L. Alonso
United States District Judge